IN THE UNITED STATES DISRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM HURST<br>Plaintiff, | DOCKET NO:<br>3:03CV 0429 (AVC) |
| v. | |
| VRSIMULATIONS, INC.<br>Defendant | May 6, 2005 |

### PLAINTIFF'S MOTION FOR ORDER RE FAILURE TO APPEAR AT DEPOSITION

I. INTRODUCTION

Plaintiff hereby moves pursuant to Fed. R. Civ. Pro. Rule 39(d) (1) for sanctions for the failure of Defendant's president, Matthew Wallace, to attend a duly-noticed deposition, and in support thereof, states as follows.

II. FACTS

Plaintiff brought a wage claim against defendant, pursuant to which a default judgment entered against defendant on January 23, 2004 in the amount of $30,453.20. After many months of attempting to collect the judgment, plaintiff's counsel learned that the business of defendant had been taken over by VRSim, Inc. VR Sim, Inc. does business from the same premises as defendant, 185 Main Street, New Britain Connecticut. The Chief

Executive Officer of VRSim, Inc., Matthew Wallace, was also an officer of defendant. Plaintiff's counsel believes that VRSim, Inc. assumed the lease of defendant, hired all of defendant's employees, and took title to all its assets. Defendant has never filed an appearance in this case.

Plaintiff noticed the deposition of Matthew Wallace pursuant to Conn. Gen. Stat. § 52-351b and Fed. R. Civ. Pro. Rule 69(a) to learn facts relating to whether VRSim, Inc. continued the business of defendant to determine if VRSim was potentially liable for the judgment against defendant. Attached as Exhibit B are the notice of deposition and the return receipt showing that the notice was received by VRSim, Inc. in its business office in New Britain, and at an address in Savannah Georgia that was formerly an office of defendant and at which Matthew Wallace maintains an office. The New Britain address is listed in the records of the Connecticut Secretary of State as the main office of VRSim and VRSimulations. See print out attached to Exhibit A hereto. Further, Mr. Wallace signed a letter, attached to Exhibit A, which letter discussed plaintiff's employment with respect to a separate wage claim submitted by plaintiff to the Connecticut Department of Labor, on VRSim letterhead but referring to plaintiff's employment by defendant.

Matthew Wallace failed to appear at the duly noticed deposition. Plaintiff's counsel repeatedly called Mr. Wallace to determine the reason for his non-compliance and to confer

2

with him in good faith prior to seeking court intervention. Neither Mr. Wallace nor any other representative of defendant returned any of the calls. Mr. Wallace is an attorney admitted to practice in the State of Georgia, and so is well aware of the consequences of refusing to comply with a valid notice of deposition.

III. ARGUMENT

Fed. R. Civ. Pro. Rule 37(d) (1) provides that a court may enter any of the sanctions set forth in subsection (b) (2) of the rule when officer of a party fails to appear at a duly noticed deposition. Among the permitted relief is "an order that . . . other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order" (subsection (b) (1) (A), and "an order refusing to allow the disobedient party to . . . oppose designated claims or defenses, or prohibition that party from introducing designated matters in evidence" (subsection (b) (1) (B).

The Ninth Circuit has held that the "successor doctrine" applies to claims under the Fair Labor Standards Act, holding a successor entity to liabilities incurred by a predecessor if certain conditions exist. Steinback v. Hubbard, 51 F.3d 843, 845 (9th Cir. 1995). Successor liability arises when the subsequent employer was a bona fide successor and the subsequent employer had notice of the potential liability. Id. A successor will be liable for the obligations of its predecessor if there is sufficient continuity of the business operations

of the two businesses. <u>Id</u>.

The purpose of the deposition that Mr. Wallace declined to attend was to determine whether VR Sim, Inc. was potentially liable for the obligations of defendant and for the judgment. Matthew Wallace's deliberate disregard of a valid notice of deposition has deprived plaintiff of the ability to develop the facts to show this liability. Pursuant to the authority under Fed. R. Civ. Pro Rule 37(b)(2), the Court should enter the order attached hereto to take as established VR Sim, Inc.'s successor liability for the claims of plaintiff, and ordering defendant to pay plaintiff's attorneys' fees for bringing this motion.

PLAINTIFF

By: _____
David S. Rintoul (ct#08456)
BROWN, PAINDIRIS & SCOTT
2252 Main Street
Glastonbury, CT 06033
(860) 659-0700

## ORDER

The foregoing motion pursuant to Fed. R. Civ. Pro Rule 37 having been heard, it is hereby ordered that:

1. VR Sim, Inc., a Connecticut corporation, is liable for the judgment of plaintiff against defendant as the successor to defendant.

2. Defendant is precluded from opposing plaintiff's claim that VR Sim, Inc. is a successor to defendant for purposes of enforcement of plaintiff's judgment against VR Sim, Inc.

3. Defendant is ordered to pay plaintiff attorneys' fees for the cost of bringing this motion in the amount of $500.

_____<br>J.

## Certification

The undersigned certifies that on May 6, 2005, he has sent a copy of the foregoing to the following address, certified mail, postage prepaid:

| Matthew Wallace<br>VRSim, Inc.<br>PO Box 16859<br>Savannah, GA 31416 | Matthew Wallace<br>VRSim Inc.<br>185 Main Street, Suite 431<br>New Britain, CT 06051 |
|---|---|

David S. Rintoul

STATE OF CONNECTICUT    )
                        )    ss.    Glastonbury
COUNTY OF HARTFORD      )

### AFFIDAVIT

The undersigned, being over the age of 18 and aware of the obligations of an oath, state the following upon his personal knowledge, except where stated to be upon the best of his knowledge and belief..

1. The undersigned repeatedly called Matthew Wallace to discuss the issue of his failure to appear at his deposition prior to seeking court intervention, but Mr. Wallace never returned his call.

2. Attached are true and correct print outs of the web pages attached hereto as of the date of this affidavit, and to the best of the knowledge and belief of the undersigned, are pages from the web sites they purport to be from.

3. To the best of the knowledge and belief of the undersigned, attached is a true and

correct copy of a letter submitted by Matthew Wallace in connection with a Connecticut Department of Labor wage claim brought by plaintiff.

Subscribed and sworn to before me this 6th day of May, 2005.

~~Commissioner of the Superior Court~~
Notary Public
My Commission Expires:

JACKIE C. BENNETT
*NOTARY PUBLIC*
MY COMMISSION EXPIRES 6/30/07

Business Inquiry

**BUSINESS DETAILS:**

| | | |
|---|---|---|
| **Business Name:** | **Business ID:** | **Business Address:** |
| VRSIMULATIONS, INC. | 0691029 | NONE |
| **Mailing Address:** | **Citizenship/State Inc:** | **Last Report Year:** |
| NONE | Domestic/CT | |
| **Business Type:** | **Business Status:** | **Date Inc./Register:** |
| Stock | Active | Sep 14, 2001 |

PRINCIPALS:

No Principal Records found for Business with ID: 0691029

BUSINESS SUMMARY:

| | | |
|---|---|---|
| **Agent Name:** | **Agent Business Address:** | **Agent Residence Address:** |
| LES NEUMANN | 185 MAIN ST NEW BRITAIN, CT 06052 | 185 MAIN ST NEW BRITAIN, CT 06052 |

» View Name History     » View Filing History     » View Shares

[ Cancel ]

Business Inquiry

## BUSINESS DETAILS:

| Business Name: | Business ID: | Business Address: |
|---|---|---|
| VRSIM, INC. | 0779408 | 185 MAIN STREET SUITE 431 NEW BRITAIN, CT 06051 |
| Mailing Address: | Citizenship/State Inc: | Last Report Year: |
| NONE | Foreign/DE | |
| Business Type: | Business Status: | Date Inc./Register: |
| Stock | Active | Mar 23, 2004 |
| Name in State of INC: | | Commence Business Date: |
| VRSIM, INC. | | Mar 31, 2004 |

## PRINCIPALS:

| Name/Title: | Business Address: | Residence Address: |
|---|---|---|
| MATTHEW WALLACE SEC | 185 MAIN STREET SUITE 431 NEW BRITAIN, CT 06051 | 4 GREENSBOURNE LANE SAVANNAH, GA 31411 |
| LESLIE S. NEUMANN PRES | 185 MAIN STREET SUITE 431 NEW BRITAIN, CT 06051 | 9 WOODGLEN DRIVE NEW YORK, NY 10956 |
| TIMOTHY GIFFORD DIRECTOR | 185 MAIN STREET SUITE 431 NEW BRITAIN, CT 06051 | 25 TORWOOD STREET HARTFORD, CT 06114 |

IMPORTANT: There are more principals for this business that are not shown here.

## BUSINESS SUMMARY:

| Agent Name: | Agent Business Address: | Agent Residence Address: |
|---|---|---|
| TIMOTHY GIFFORD | 185 MAIN STREET SUITE 431 NEW BRITAIN, CT 06051 | 25 TORWOOD STREET HARTFORD, CT 06114 |

» View Name History    » View Filing History    » View Shares

[Cancel]

About the Bar | FAQs | Contact the Bar



- Casemaker
- Directories
    - Member Directory Search
    - State Bar Staff
    - Special Committees
    - Standing Committees
    - State Bar Officers
    - State Bar Executive Committee
    - Board of Governors
    - Past Presidents
    - Local and Circuit Bars
- Check CLE
- Handbook
- Member Essentials
- Programs
- Ethics
- Communications
- Sections
- Young Lawyers Division
- Related Organizations
- Bar Meetings
- Parking Deck
- Sponsorship/Marketing
- Public Information

Home»Directories»Member Directory Search»Member Detail

# Member Detail

**Mr. Matthew Wayne Wallace**
**Address:**
P.O. Box 16859
Savannah, GA 31416
**Phone:** 912-659-4281
**Email:** matthew@lunchboxpartners.com
**Admit Date:** 07/10/1991
**Law School:** Mercer Univ-W.George L.S

**Status:** Inactive Member in Good Standing

Back

# VRSIM

185 Main Street • Suite 431 • New Britain, CT 06051 • 860-893-0080 • FX 860-893-0079 • www.vrsim.net

March 4, 2003

**Via Facsimile – 860-263-6541**

Mr. Michael J. Witowski
Connecticut Department of Labor
200 Folly Brook Boulevard
Wethersfield, Connecticut 06109-1114

Re:   VRSimulations, Inc. – William Hurst

Dear Mr. Witowski:

Following our conversation, I have investigated the facts and circumstances regarding Mr. Hurst's termination. As I explained the last time we spoke, Mr. Hurst was not considered an employee of VRSimulations, Inc. for any period during December 2002. I have spoken with Mr. Gifford (CTO), Les Neumann (COO) and Yvette Dudac (Projects Manager). Our records reflect that in November 2002, Mr. Hurst was offered a contract labor position due to an inability to comply with our requirements regarding contract reporting requirements as well as his work efficiency. In reviewing Mr. Hurst's claim, I note that during November and December 2002, Mr. Hurst logged hours for learning Maya (software program), a task he was never asked to perform. Maya is not utilized by VRSimulations, Inc. in any capacity and is not owned by the company. Further, he did not produce any work product for the period indicated and was not assigned any tasks. Based upon my investigation, I do not believe that Mr. Hurst should be considered an employee given that he had already been terminated.

Additionally as noted, VRSimulations, Inc. does not pay accumulated vacation pay to any employees terminated or separated. No precedent nor policy exists.

If you have any further questions or need any additional information, please do not hesitate to contact me.

Sincerely,

Matthew W. Wallace

cc:   Ms. Judith Elofson
      Mr. Timothy Gifford, CTO
      Mr. Les Neumann, COO

IN THE UNITED STATES DISRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM HURST<br>Plaintiff, | DOCKET NO:<br>3:03CV 0429 (AVC) |
| v. | |
| VRSIMULATIONS, INC.<br>Defendant | MARCH 28, 2005 |

### PLAINTIFF'S RE-NOTICE OF DEPOSITION PURSUANT TO CONN. GEN. STAT. § 52-351b & FED. R. CIV. PRO. RULE 69(a)

Plaintiff hereby gives notice that he will take the deposition of Michael Wallace pursuant to Conn. Gen. Stat. § 52-351b & Fed. R. Civ. Pro. Rule 69(a) before a certified court reporter or other competent authority, at the offices of Brown Paindiris & Scott, LLP, 2252 Main Street, Glastonbury, Connecticut, on Tuesday, April 12, 2005 at 10:00 am and to such dates as said deposition may be continue.

The deponent is commanded to produce all documents in your possession set forth on Schedule A attached hereto.

PLAINTIFF

By: _____
David S. Rintoul (ct#08456)
BROWN, PAINDIRIS & SCOTT
2252 Main Street
Glastonbury, CT 06033
(860) 659-0700

## Certification

The undersigned certifies that on March 28, 2005, he has sent a copy of the foregoing to the following address, certified mail, postage prepaid:

| Matthew Wallace<br>VRSim, Inc.<br>PO Box 16859<br>Savannah, GA 31416 | Matthew Wallace<br>VRSim Inc.<br>185 Main Street, Suite 431<br>New Britain, CT 06051 |
|---|---|

David S. Rintoul

## SCHEDULE A

1. All bank statements for any account maintained by or for the benefit of defendant or VR Sim, Inc.

2. Records of current accounts receivables of defendant or VR Sim, Inc., including the amount due and the name and address of the obligor.

3. Records of ownership of any real property by defendant or VR Sim, Inc.

4. Any purchase, sale, asset acquisition or merger agreement between defendant and VR Sim, Inc., or any other document relating to VR Sim, Inc. acquiring any assets of defendant.

